# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2011

No. 10-10686
Summary Calendar

Lyle W. Cayce
Clerk

ED LEPS

Plaintiff-Appellant

v.

FARMERS INSURANCE EXCHANGE

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-780

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ed Leps sued his former employer, Defendant-Appellee Farmers Insurance Exchange ("Farmers"), alleging retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Leps claimed that he was fired after engaging in protected conduct. The district court granted Farmers's Motion for Summary Judgment and dismissed Leps's action. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10686

Leps asserts that his firing was in retaliation for his acts in connection with Farmers's rules, regulations, and policies for overtime pay to adjusters like himself. Specifically, Leps contends that his suggestion at a company meeting that representatives of management leave the room so that the assembled employees could more freely discuss their concerns with overtime policies; and, thereafter, his submission of claims for overtime either in excess of pre-approved quantities or not previously approved at all, led to his firing on July 10, 2008. He asserts that the reason given for his firing was his working unauthorized overtime hours on two days in the previous month. Leps also contends that the motivation for his firing was his expression of concern to a supervisor in February 2008 that he did not want to cut himself short on overtime hours.

The district court carefully considered the positions of the adverse parties and concluded that, pursuant to *Hagan v. Echostar Satellite, L.L.C.*, 529 Fed.3d 617 (5th Cir. 2008), the incidents alleged by Leps to have constituted protected activity did not rise to that level but, rather, constituted abstract grumblings or vague expressions of discontent and were thus not actionable under the relevant provision of the FLSA. The court determined that Leps had not set forth sufficient evidence to raise a genuine issue of material fact whether he engaged in protected activity, thus failing to present a prima facie case of retaliation, absent which his action should be dismissed via summary judgment.

We have now reviewed de novo the briefs and other filings of the parties on appeal as well as the record on appeal and the law applicable to the action of Leps for retaliatory firing. As a result, we are convinced that the district court properly granted the Motion for Summary Judgment on behalf of Farmers. Thus, that court's Judgment of June 15, 2010 should be, and hereby is, in all respects,

AFFIRMED.